**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO A. MORENO-GALLARDO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   19-71818<br><br>Agency No. A077-130-457<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Sergio A. Moreno-Gallardo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

We reject the Government's contention that this court lacks jurisdiction to review the agency's factual findings underlying the denial of asylum and withholding of removal. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C) does not apply when the agency denies relief on the merits rather than in reliance on an applicant's criminal conviction).

Substantial evidence supports the agency's determination that Moreno-Gallardo failed to establish he was or would be persecuted in Mexico on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Moreno-Gallardo's asylum and withholding of removal claims fail.

Moreno-Gallardo does not challenge the agency's determination that he is ineligible for CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60

19-71818

(9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Moreno-Gallardo's CAT claim.

We lack jurisdiction to review the agency's denial of cancellation of removal because Moreno-Gallardo raises no colorable legal or constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (the court's jurisdiction over challenges to the agency's discretionary determination is limited to constitutional claims or questions of law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**